```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

THE ESTATE OF BILLIE DELL        )
HOWARD, deceased,                )
Keith Allen Kindle,              )
Personal Representative,         )
                                 )
              Plaintiff,         )
                                 )
v.                               )    Case No. CIV-18-209-KEW
                                 )
JANET T. TAYLOR, Trustee         )
of the JTT Trust,                )
a corporation,                   )
                                 )
              Defendant.         )
```

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Docket Entry #35) and Plaintiff's Motion to Determine the Parties' Burdens of Proof and of Persuasion at Trial (Docket Entry #34). This action originated in the District Court in and for Adair County, Oklahoma with the filing of a Petition to quiet the title to four tracts of real property located in Adair County, Oklahoma. Defendant, one of eight Defendants named in the case, removed the action to this Court on July 5, 2018, alleging diversity jurisdiction. By Order entered September 24, 2018, this Court severed the claims and Defendants except for Defendant Janet T. Taylor, Trustee of the JTT Trust and the tract of land associated with that Defendant, and remanded those Defendants and

1

claims to the state court for adjudication.  The remaining parties consented to the jurisdiction of the undersigned on December 3, 2018.

Plaintiff seeks to quiet its title in the tract of real property described in Plaintiff's Petition as:

> All that part of the East 1/2 of the SW4 and all that part of the NW4 of the NW4 of the SE4 and all that part of the SW4 of the SW4 of the NE4 of Section 25, Township 18 North, Range 24 East, lying South and East of the existing county road [Adair County, Oklahoma].
> (hereinafter referred to as the "Disputed Tract").

Richard M. Taylor conveyed real property which included the Disputed Tract to Defendant by virtue of a General Warranty Deed dated December 7, 2001 and recorded on July 17, 2003 in Book 365, at Pages 807-809 of the records of the Adair County Clerk.  The Deed described the property conveyed as follows:

> The SE ¼ OF SW ¼ and E ½ of SW ¼ of SW ¼ of Section 25, Township 18 North, Range 24 East.
> AND
> S ½ of NW ¼ and NW ¼ of SW ¼ of NE ¼ and S ½ of SW ¼ of NE ¼ and NW ¼ of NW ¼ of SE ¼ and NE ¼ of SW ¼ of Section 25, Township 18 North, Range 24 East.

Richard M. Taylor conveyed the Disputed Tract to Billie D. Howard by virtue of a Quit Claim Deed dated April 24, 2002 and recorded on April 29, 2002 in Book 351, at Page 875 of the records of the Adair County Clerk.  This Quit Claim Deed did not bear any documentary stamps.

Under Federal Rule of Civil Procedure 56(c), summary judgment

2

shall be granted if the record shows that, "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  The moving party has the burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553-54, 91 L.Ed.2d 265 (1986).  A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510-11, 91 L.Ed.2d 202 (1986).  In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

Oklahoma law provides for certain presumptions once a document is signed and recorded.  Specifically, Oklahoma law states:

> **§ 53. Recorded signed documents--Rebuttable presumptions**
>
> **Evidentiary Effect of Recorded Document**
>
> A. A recorded signed document relating to title to real estate creates a rebuttable presumption with respect to the title that:
>
> 1. The document is genuine and was executed as the voluntary act of the person purporting to execute it;
>
> 2. The person executing the document and the person

3

>      on whose behalf it is executed are the persons they are purported to be and the person executing it was neither incompetent nor a minor at any relevant time;
>
> 3. Delivery occurred notwithstanding a lapse of time between dates on the document and the date of recording;
>
> 4. Any necessary consideration was given;
>
> 5. The grantee, transferee, or beneficiary of an interest created or claimed by the document acted in good faith at all relevant times up to and including the time of the recording;
>
>                         * * *
>
>      10. Recitals and other statements of fact in a conveyance are true if the matter stated was relevant to the purpose of the document;
>
>                         * * *
>
>      12. All other requirements for its execution, delivery, and validity have been satisfied.
>
>      Okla. Stat. Ann. tit. 16, § 53 (West).

These presumptions are only overcome with "convincing evidence." Woodruff v. Woodruff, 418 P.2d 642, 643 (Okla. 1966) or "only by clear and positive evidence to the contrary." Chapman v. Chapman, 400 P.2d 831, 832 (Okla. 1965).

Moreover, "it is established law in this State that where the equities are equal between two grantees of same grantor the grantee holding the deed first filed for record takes the title thereunder." Elsey v. Shaw, 190 P.2d 439, 440 (Okla. 1947) citing

4

McAllister v. Clark, 217 P. 178 (Okla. 1923); Bates v. Rogers, 62 P.2d 481 (Okla. 1936); Kee v. Ewing et al., 87 P. 297 (Okla. Terr. 1906). The trial court concluded that "when the said co-defendant Shaw did withhold his lease from record, he did so at his own risk that in the meantime there might appear of record a lease that might take priority under the recording statute, . . . ." Id.

Defendant asserts that the burden lies with Plaintiff to establish the validity of its deed and all the requisite elements such as proving that it paid valuable consideration for the Disputed Tract. Oklahoma law provides that recording a deed is not required for enforceability as against the parties named but "no deed, . . . shall be valid as against third persons unless acknowledged and recorded as herein provided." Okla. Stat. Ann. tit. 16, § 15 (West). "Third persons" under this statute has been determined to be "innocent purchasers for value." Whitehead v. Garrett, 185 P.2d 686, 688 (Okla. 1947)(citation omitted). Typically, a "innocent purchaser for value" is synonymous with a "bona fide purchaser" and requires that one (1) act in good faith; (2) not have actual or constructive notice of the earlier deed; and (3) pay valuable consideration. Fane Development Co. v. Townsend, 381 P.2d 1012, 1014 (Okla. 1963). Nothing in the record suggests that Plaintiff lacked good faith in the transaction or

5

had actual or constructive notice of Defendant's earlier executed deed. As for the payment of valuable consideration, Plaintiff is entitled to rely upon the presumptions contained in Okla. Stat. tit. 16 § 53. This Court expressly rejects Defendant's contention that these presumptions are only vehicles of convenience for title examiners to establish the chain of title. Indeed, these presumptions have been employed in quiet title actions in Oklahoma. *See e.g.* Scott v. Peters, 388 P.3d 699, 704 (Okla. 2016)(in a quiet title action, the Oklahoma Supreme Court acknowledged "[t]here exists a statutory presumption that a recorded signed document relating to title to real estate is genuine and was properly executed." citing to Okla. Stat. tit. 16 § 53 including the presumption that valuable consideration was paid.); *See also*, Chapman, supra at 837. ("It is elementary that a validly executed deed is presumed to be supported by valuable consideration. The burden of rebutting this presumption rests upon the party asserting invalidity of the instrument."). Other than conjecture, speculation, and assumptions, Defendant has offered no clear or convincing evidence that rebuts the presumption that Plaintiff payed valuable consideration for the Disputed Tract. Given Plaintiff's status as an innocent purchaser for value, its prior filed deed establishes its superior claim to title of the Disputed

Tract.  This Court need not delve into the outside writings and declarations from others to ascertain the parties' intentions given these findings.

Defendant is not entitled to summary judgment as a matter of law.  While it is not entirely clear from the response, it appears that Plaintiff requested a cross motion for summary judgment in its favor be granted.  *See* Plaintiff's Response and Brief in Opposition to Defendant's Motion for Summary Judgment, Docket Entry #37 at p. 19.  Given this request and the parties' waiver and acknowledgement that the relief sought in this case is purely equitable in the Joint Notice of Waiver of Jury Trial and Unopposed Motion to Strike Scheduling Order Deadlines Relating to Jury Trial, this Court will grant summary judgment in favor of Plaintiff.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Docket Entry #35) is hereby **DENIED.**

IT IS FURTHER ORDERED that Plaintiff's Motion to Determine the Parties' Burdens of Proof and of Persuasion at Trial (Docket Entry #34) is hereby **GRANTED** as reflected herein.

IT IS FURTHER ORDERED that summary judgment is **GRANTED** in favor of Plaintiff and against Defendant.  Plaintiff is adjudged the owner of the legal title in fee simple in and to the Disputed Tract, free and clear of all liens, claims, encumbrances. Defendant possesses no right, claim, or interest to the Disputed

7

Tract.  Plaintiff's title to the Disputed Tract is quieted and confirmed.

IT IS SO ORDERED this 30th day of September, 2020.

Kimberly E. West
United States Magistrate Judge
Eastern District of Oklahoma